**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| VICTOR ERNEST CHILDS,<br><br>　　　　Petitioner - Appellant,<br><br>　v.<br><br>STEVEN C. STAFFORD, United States Marshal for the Southern District of California,<br><br>　　　　Respondent - Appellee. | No. 12-55795<br><br>D.C. No. 3:11-cv-02690-W-NLS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, Senior District Judge, Presiding

Argued and Submitted July 9, 2013
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Victor Ernest Childs (Childs) appeals the district court's denial of his

petition for a writ of habeas corpus challenging his pending extradition on a

Mexican arrest warrant. We affirm.

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.**    The magistrate judge's finding of probable cause was supported by sufficient evidence in the record to sustain the charge as alleged in the extradition request.  The magistrate judge relied on witnesses' statements, and reliance on the statements was permissible.  *See Manta v. Chertoff*, 518 F.3d 1134, 1146 (9th Cir. 2008) (recognizing that unless the relevant treaty provides otherwise, the usual rules of evidence do not apply to extradition proceedings).  The magistrate judge also considered a ballistics report confirming that the firearm found in Childs' possession was the same weapon that fired the bullets retrieved from his wife's head.  Even without Childs' statement, the record provides sufficient competent evidence to support a finding of probable cause that Childs committed aggravated homicide as charged.  *See Sainez v. Venables*, 588 F.3d 713, 717 (9th Cir. 2009) (upholding a magistrate judge's probable cause finding).

**2.**    The district court correctly determined that its review of the magistrate judge's probable cause determination was limited to consideration of whether:  1) the magistrate judge had jurisdiction over the proceeding and over Childs; 2) the operative treaty was in effect and the alleged offense was within the terms of the treaty; and 3) there was competent evidence supporting the magistrate judge's probable cause determination.  *See Manta*, 518 F.3d at 1140.  Childs

2

contends that his extradition would violate due process because the American law enforcement officials who interrogated him did so in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Childs' claim fails because his statements to law enforcement officials related solely to a foreign prosecution, and "concern with foreign prosecution is beyond the scope of the [Fifth Amendment's] Self-Incrimination Clause." *United States v. Balsys*, 524 U.S. 666, 669 (1998). Therefore, Childs' due process rights would not be violated by his extradition to Mexico. *See Mickey v. Ayers*, 606 F.3d 1223, 1234 (9th Cir. 2010) (rejecting extraditee's due process claim predicated on incriminating statements).

**AFFIRMED.**